UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL 324
HEALTH CARE PLAN, ET AL,

    Plaintiff,

vs                                                Case No: 11-10494
                                                  Honorable Victoria A. Roberts

G&W CONSTRUCTION COMPANY,

    Defendant.

_____/

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment To Establish Liability (Doc. #9). The Motion is **DENIED**.

**II.    CASE SUMMARY**

Plaintiffs, a group of union trust funds, argue that Defendants G&W Construction Co. and its President, Gary Nollar, failed to pay them fringe benefits as mandated by union contract. Plaintiffs say this non-payment violates ERISA as well as the Michigan Building Contract Fund Act ("MBCFA"), M.C.L. § 570.151. Plaintiffs move for summary judgment and seek damages from G&W in the amount of $435,802.23; damages from Nollar in the amount of $348,118.42; plus interest and attorneys fees. (R. 14 at 1-2).

Defendants concede that they have not paid the fringe benefits in question; however, Defendants argue they have no legal obligation to pay because: (1) no

1

collective bargaining agreement ("CBA") or contractual agreement exists between the parties; (2) no provision for fringe benefits was ever made; and, (3) none of Defendants' employees is a union member.  (R. 15).  With regard to these issues, a genuine dispute of material fact seems to exist.  *See Bobbie Brooks, Inc. v. Int'l Ladies*, 835 F.2d 1164, 1168 (6th Cir. 1987) ("Whether a collective bargaining agreement exists is a question of fact; technical rules of contract law are not strictly binding.").

Although Plaintiffs' opening brief contains excerpts from a CBA (*see* R. 9-3), this CBA (1) was not signed or negotiated by Defendants; (2) does not make an explicit provision for fringe benefits; and (3) has an effective date of June 1, 2008, as opposed to January 1, 2007, the starting date that Plaintiffs allege they are owed fringe benefits. This CBA, on its own, does not establish liability on the part of Defendants.

However, in their reply brief, Plaintiffs enclose an agreement dated June 25, 1984, which appears to establish a contractual relationship between the parties.  (*See* R. 16-2).  This 1984 agreement states that Defendant G&W "agrees to abide by the Wage Rates, Fringe Benefits, and all other terms, conditions, and provisions in the [Union's] most current Collective Bargaining Agreement," and "further agrees that the Wage Rates, Fringe Benefits, and all other terms, conditions, and provisions contained in the aforementioned Labor Agreements shall be applicable according to the work being performed by the Employer."  (*Id.*).

The 1984 agreement also states that Plaintiff Union is the sole bargaining agent for all of Defendants' employees, and that Defendants' employees must become union members.  (*Id.*)  Finally, the agreement states that it "shall renew itself and become binding again as to all the Wage Rates, Fringe Benefits, and all other terms, conditions,

and provisions negotiated in new applicable Master Agreements," unless timely notice of termination is given; and, that the agreement is binding on all "heirs, successors, representatives and assignees." (*Id.*)  Plaintiffs argue that the 1984 agreement is still binding on Defendants due to this renewal clause, making Defendants subject to its most recent CBA, dated June 1, 2008. (R. 16 at 1-2). However, Plaintiffs only make this argument in the reply brief; Defendants have not had an opportunity to respond with argument of their own.

Plaintiffs' lawsuit also raises several legal questions. First, since Defendants admit that they have not made regular fringe benefit payments since 1984, Plaintiffs' lawsuit may present statute of limitations issues. *See Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408-09 (6th Cir. 2010) (holding that accrual of the ERISA statute of limitations is a question of federal law, and discussing terms). Second, Plaintiffs' attempt to recover damages under Michigan's MBCFA statute may be barred by ERISA preemption. *See Associated Builders & Contractors v. Mich. Dep't of Labor & Economic Growth*, 543 F.3d 275, 279-80 (6th Cir. 2008) (discussing when state law is preempted). Third, it is unclear why Plaintiffs seeks to hold Defendants Nollar and G&W jointly and severally liable for damages, but in different amounts. Although some of these issues may be affirmative defenses.

The Court **DENIES** Plaintiffs' Motion for Summary Judgment; too many issues of fact exist.

3

**IT IS ORDERED**.

                                                  /s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: August 25, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 25, 2011.

s/Linda Vertriest
Deputy Clerk

---